

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2006

# Ismail v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5385

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ismail v. Comm Social Security" (2006). *2006 Decisions.* Paper 207.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/207

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 05-5385

———————

KATHY ISMAIL
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY


———————

On Appeal From the United States
District Court
For the District of New Jersey
(D.C. Civil Action No. 04-cv-02615)
District Judge:  Hon. William G. Bassler

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2006

BEFORE:  SCIRICA, Chief Judge, McKEE and STAPLETON,
Circuit Judges

( Filed: November 15, 2006 )

———————

STAPLETON, Circuit Judge:

Kathy Ismail, the claimant in this social security disability proceeding, was injured in an automobile accident. She claims disability beginning on the date of that accident, August 25, 1999. Her injuries included a cerebral concussion, a fractured mandible, a fractured clavicle and injuries to her left knee and right foot. She also experienced neck, back, facial and temporomandibular joint impairments.

After a second hearing, the ALJ found that while Ismail became disabled on August 25, 1999, she sufficiently recuperated thereafter so that she was not entitled to disability insurance benefits or supplemental security income payments as of September 1, 2000. The Appeals Council denied review, making the ALJ's decision the final decision of the Commission. Ismail then filed an action in the District Court seeking review. The District Court affirmed, and this timely appeal followed. We will affirm the judgment of the District Court for essentially the same reasons set forth in its thorough opinion.

More specifically, we agree with the District Court that substantial evidence supports the ALJ's findings both: (1) that Ismail's mental impairments were not "severe" under step two of the required sequential analysis; and (2) that Ismail's "severe"

2

impairments did not meet or equal the requirements of any listed impairment under step three. Contrary to Ismail's suggestion, we find the ALJ's articulation of his step three analysis sufficient to permit meaningful review in accordance with *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112 (3d Cir. 2000).

Ismail's primary complaint concerns the ALJ's conclusion that she had the residual capacity to perform sedentary work after September 1, 2000. There is substantial evidence to support this conclusion as well, however, and there is little we can add to the analysis of the District Court on this issue. We observe only that we find no medical evidence based on clinical observations after September 1, 2000, which would indicate that Ismail did not have the residual capacity to do sedentary work. Moreover, as the ALJ explained, Dr. Fechner's clinical observations indicated that she would no longer be disabled when she recuperated from her June 2000 arthroscopic knee surgery, and Dr. Kahng's clinical observations regarding her limitations as of December 2000 indicated that she then had the capacity to do sedentary work.[1]

The judgment of the District Court will be affirmed.

---

[1] We also agree with the District Court that the ALJ here acted entirely in accordance with *Sykes v. Apfel*, 228 F.3d 259 (3d Cir. 2000), by seeking the expertise of a vocational expert to determine whether an individual capable of sedentary work but possessing Ismail's nonexertional limitations could still perform jobs available in significant numbers in the national economy.